UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NASHON JOSEPH,

      Plaintiff,

CASE NO.:

vs.

VIVA ASSOCIATION LLC, a
Florida limited liability company,
d/b/a SHORELINE APARTMENTS;
and ROBERT JARVIS, Individually,

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, NASHON JOSPEH ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, VIVA ASSOCIATION LLC, a Florida limited liability company, d/b/a SHORELINE APARTMENTS ("SHORELINE") and ROBERT JARVIS ("JARVIS"), individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material to this action, Plaintiff was a resident of Duval County,

1

Florida.

4. At all times material to this action, Defendant VIVA ASSOCIATION LLC, a Florida limited liability company, d/b/a SHORELINE APARTMENTS was, and continues to be, engaged in business in Florida, doing business in Duval County.

5. Upon information and belief, at all times material to this action, Defendant JARVIS, was and continues to be a resident of Florida.

6. At all times material to this action, Defendant JARVIS owned and/or operated SHORELINE and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of SHORELINE.

7. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of SHORELINE; (b) determine the work schedules for the employees of SHORELINE; and (c) control the finances and operations of SHORELINE, Defendant, JARVIS, is an employer as defined by 29 U.S.C. §201 *et. seq.*

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, SHORELINE was, and continues to be, an

"enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant SHORELINE was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, power tools, and equipment manufactured outside of Florida or overseas.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about May 1, 2014, and continuing through October 17, 2015, Defendants hired Plaintiff as a non-exempt hourly paid employee to perform maintenance work at Defendants' company. These duties initially included plumbing, painting, and drywall. From June 2015 to October 17, 2015, Plaintiff performed plumbing work.

17. In all, or nearly all, of his weeks of employment with Defendants, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

18. From the beginning of his employment to the present, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

19. Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the

FLSA.

20. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

21. Defendants have violated Title 29 U.S.C. § 207 from at least May 1, 2014, to October 17, 2015, in that:

    A. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

    B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek; and

    C. For some portion of Plaintiff's employment, Defendants have failed to maintain proper time records as mandated by the FLSA.

22. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew or should have known, that payment of overtime premiums for all hours over forty (40) worked in each workweek was and is due.

23. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

24. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

<u>**COUNT I**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>

25. Plaintiff re-alleges paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. From the beginning of his employment to the present, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

28. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

29. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

30. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of November, 2016.

                                              Respectfully submitted,

                                              /s/ Angel Murthy
                                              Angel Murthy, Esquire
                                              FL Bar No.: 088758
                                              MORGAN & MORGAN, P.A.
                                              600 N. Pine Island Road
                                              Suite 400
                                              Plantation, FL 33324
                                              Tel: 954-318-0268
                                              Fax: 954-327-3016
                                              E-mail: Amurthy@forthepeople.com

                                              *Trial Counsel for Plaintiff*